Priority ___
Send ___
Enter ___
Closed ___
~~JS-5~~/JS-6 ✓
JS-2/JS-3 ___
~~Scan Only:~~ ___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY JACKSON-EL, on behalf of ALONZO JACKSON,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF CALIFORNIA STATE PRISON CORCORAN,<br><br>Respondent. | Case No. CV 11-4623-JST (OP)<br><br>ORDER RE: VOLUNTARY DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO FED. R. CIV. P. 41(a)(1) |

## I.
## PROCEEDINGS

On April 4, 2011, Jeffrey Jackson-El filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition") on behalf of his brother, Alonzo Jackson. (ECF No. 1.) The Petition challenges Alonzo Jackson's 2003 conviction in the Los Angeles County Superior Court for attempted murder. Mr. Jackson was sentenced to a total state prison term of seventy-five years. (Id. at 1, 4.)

On June 23, 2011, the Court dismissed the Petition with leave to amend for the following reasons: (1) Mr. Jackson-El had not established any of the requirements or provided any purported explanation to justify seeking "next

friend" standing on behalf of his brother; (2) failure to name the proper respondent; and (3) failure to comply with Rule 8 of the Federal Rules of Civil Procedure. (ECF No. 4.) Mr. Jackson-El was given until July 23, 2011, to respond to the dismissal order. (Id. at 6.) To date, Mr. Jackson-El has not responded to the dismissal order.

On July 28, 2011, the Court received a letter from Alonzo Jackson. (ECF No. 5.) In his letter, he states that he never gave his brother authority to file a habeas petition on his behalf and appreciates his brother's efforts. However, he plans to file a habeas petition on his own behalf at a later date and does not wish to suffer any prejudice as a result of his brother's efforts. (Id.) The Court construes Alonzo Jackson's request as a Motion for Voluntary Dismissal pursuant Rule 41 of the Federal Rules of Civil Procedure.

## II.
## DISCUSSION

Rule 41 of the Federal Rules of Civil Procedure allows for the voluntary dismissal of an action by a plaintiff without prejudice and without a court order before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1); Hamilton v. Shearson-Lehman American Express, Inc., 813 F.2d 1532, 1534 (9th Cir. 1987). Even if the defendant has filed a motion to dismiss, a plaintiff may terminate his action voluntarily by filing a notice of dismissal under Rule 41(a)(1). See Miller v. Reddin, 422 F.2d 1264, 1265-66 (9th Cir. 1970). The dismissal is effective on filing and no court order is required. Id. at 1266. A plaintiff may dismiss either some or all of the defendants-or some or all of his claims-through a Rule 41(a)(1) notice. Pedrina v. Chun, 987 F.2d 608, 609 (9th Cir. 1993). Filing a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause

against the same defendants. McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987).

As set forth above, on July 28, 2011, the Court received a letter from Alonzo Jackson indicating that he never gave his brother authority to file a habeas petition on his behalf, plans to file a habeas petition on his own behalf at a later date, and does not wish to suffer any prejudice as a result of his brother's efforts. (ECF No. 5.) Since the Court did not order a response to the Petition, Respondent has not filed an answer or a motion for summary judgment. Thus, the Court finds that dismissal of the Petition without prejudice is warranted.

## III.

## ORDER

IT IS THEREFORE ORDERED that the Petition is hereby dismissed without prejudice. Fed. R. Civ. P. 41(a)(1).

DATED: 11/9/11

HON. JOSEPHINE STATON TUCKER
United States District Judge

Presented by:

HONORABLE OSWALD PARADA
United States Magistrate Judge